# No. 25-1579

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ANDREW KAMAL,

*Plaintiff-Appellant,*

v.

FORD MOTOR COMPANY

*Defendant-Appellee.*

Appeal from the United States District Court
For the Eastern District of Michigan
Case No. 24-cv-12073
The Honorable Judge Laurie J. Michelson

**Defendant-Appellee Ford Motor Company's
Motion to Dismiss Appeal for Lack of Appellate Jurisdiction**

> Eric J. Pelton (P40635)
> Ryan D. Bohannon (P73394)
> David Porter (P76785)
> KIENBAUM HARDY VIVIANO
> PELTON & FORREST, P.L.C.
> 280 N. Old Woodward Ave., Ste 400
> Birmingham, Michigan 48009
> (248) 645-0000
> epelton@khvpf.com
> rbohannon@khvpf.com
> dporter@khvpf.com
>
> *Attorneys for Defendant-Appellee*

## Background

Plaintiff Andrew Kamal, a former Cyber Defense Analyst for Ford Motor Company, filed a seven-count amended complaint against the Company following its decision to terminate his employment for poor performance. (ECF No. 13, Amended Complaint.) Kamal generally alleges that his termination was retaliation for making an "ethics" complaint to human resources. (*See generally id*.)

In lieu of answering, Ford filed a Rule 12(b)(6) motion to dismiss two of the seven counts (namely, his claims for violation of Michigan's Whistleblower Protection Act and wrongful discharge in violation of public policy). (ECF No. 15, Defendant's Motion to Dismiss Counts I & IV.) On June 16, 2025, the District Court granted Ford's motion and dismissed the two counts because they failed to state a claim as a matter of law. (ECF No. 20, Order Granting Motion to Dismiss.)

On June 21, 2025, Plaintiff filed a notice of appeal of that order. Since then, proceedings have continued in the District Court relating to the remaining five claims. (*See, e.g.*, ECF No. 24, Defendant's Answer and Affirmative Defense; ECF No. 25, Joint Discovery Plan.)

## Argument

**I.  This Court lacks jurisdiction over Kamal's appeal.**

With certain limited exceptions, this Court's jurisdiction is limited to appeals from "final decisions" of a district court. 28 U.S.C. § 1291. A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Stated differently, "an order disposing of fewer than all of the asserted claims is not appealable as a final judgment" and this Court lacks jurisdiction over appeals of such orders. *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997).

The order Kamal seeks to appeal is a non-final order, as it dismissed only two of the seven claims in his Amended Complaint. (*See* ECF No. 20 ("[T]he Court GRANTS Ford's motion to dismiss (ECF No. 15) Counts I and IV of Kamal's complaint.").) To appeal that order before final judgment, Kamal needed to move the District Court under Fed. R. Civ. P. 54(b) to certify its decision as a "final" order. *Id*. He didn't do that. This Court therefore lacks jurisdiction over Kamal's interlocutory appeal and should dismiss it.

## Conclusion

Ford Motor Company respectfully asks this Court to dismiss Kamal's appeal from the District Court's non-final order dismissing fewer than all the claims raised in his Amended Complaint.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: *s/David Porter*
   Eric J. Pelton (P40635)
   Ryan D. Bohannon (P73394)
   David Porter (P76785)
Attorneys for Defendant
280 N. Old Woodward Ave., Ste 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
rbohannon@khvpf.com
dporter@khvpf.com

Dated: August 12, 2025
577189

-3-

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this motion does not exceed 5,200 words. This document contains 446 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 14-point Garamond.

          Respectfully submitted,

          KIENBAUM HARDY VIVIANO
          PELTON & FORREST, P.L.C.

          By: *s/David Porter*
            Eric J. Pelton (P40635)
            Ryan D. Bohannon (P73394)
            David Porter (P76785)
          Attorneys for Defendant
          280 N. Old Woodward Ave., Ste 400
          Birmingham, MI 48009
          (248) 645-0000
          epelton@khvpf.com
          rbohannon@khvpf.com
          dporter@khvpf.com

Dated: August 12, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that on August 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                        s/ *David Porter*
                                        David Porter (P76785)
                                        Kienbaum Hardy Viviano Pelton
                                           & Forrest, P.L.C.
                                        280 N. Old Woodward Ave., Ste 400
                                        Birmingham, MI 48009
                                        (248) 645-0000
                                        dporter@khvpf.com

577189