RECEIVED

AUG 25 2025

No. 25-1579

KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANDREW MAGDY KAMAL,

*Plaintiff-Appellant,*

v.

FORD MOTOR COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
For the Eastern District of Michigan
Case No. 24-cv-12073
The Honorable Judge Laurie J. Michelson

**Plaintiff-Appellant Andrew Magdy Kamal's Opposition to Defendant-Appellee Ford Motor Company's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction**

Andrew Magdy Kamal
801 W. Big Beaver Rd.
Ste. 300 MB #38
Troy, MI 48084
(616) 541-9038
andrew@starkdrones.com

Plaintiff-Appellant in *pro per*



PLAINTIFF-APPELLANT ANDREW MAGDY KAMAL'S OPPOSITION TO
DEFENDANT-APPELLEE FORD MOTOR COMPANY'S MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION

NOW COMES Andrew Magdy Kamal, Plaintiff-Appellee, and files this Opposition to Defendant-Appellee Ford Motor Company's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction, and for cause would show this Honorable Court as follows:

## A. INTRODUCTION

1. Defendant-Appellee erroneously contends this Court lacks jurisdiction over the appeal from the District Court's June 15, 2025 Order granting the Motion to Dismiss Counts I and IV of the Complaint.

2. This appeal is properly before the Court. Plaintiff-Appellant timely filed his Notice of Appeal on June 21, 2025, well within the 30-day period mandated by Federal Rule of Appellate Procedure 4(a)(1)(A).

3. Furthermore, the appealed Order qualifies as an immediately appealable collateral order under the doctrine established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), as reaffirmed by the Supreme Court in *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020), and applied by this Court.

4. Dismissing this appeal would deny Plaintiff-Appellant any meaningful opportunity to review the District Court's dispositive legal rulings on these critical claims, forcing unnecessary and costly litigation on remaining claims before any appellate review could occur.

5. For the reasons set forth below, and supported by binding precedent from this Circuit and the Supreme Court, Defendant-Appellee's Motion must be denied.

## B. ARGUMENT
### i. Plaintiff-Appellee's Notice of Appeal Was Filed Within the Statutory Deadline

6. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from.

7. Here, the district court's order granting Defendant's Motion to Dismiss Counts I and IV of Plaintiff-Appellant's First Amended Complaint was filed on June 15, 2025.

8. Plaintiff-Appellant filed his Notice of Appeal on June 21, 2025, a mere 6 days after the order. This falls well within the 30-day window prescribed by Rule 4(a)(1)(A), rendering the appeal timely as a matter of law.

9. The rule's text is unambiguous and no exceptions or conditions shorten this period under the circumstances presented.

10. The U.S. Supreme Court's unanimous decision in *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13 (2017), clarifies that deadlines under FRAP 4(a) are mandatory claim-processing rules.

11. Plaintiff-Appellant's Notice of Appeal, filed 6 days post-order, strictly complies with FRAP 4(a)(1)(A)'s 30-day deadline. Supreme Court precedent (*Hamer*)

and Sixth Circuit practice confirm that this rule is a mandatory requirement. The appeal must proceed on the merits.

### ii. <u>The Collateral Order Doctrine Confers Appellate Jurisdiction</u>

12. Defendant's Motion to Dismiss this Appeal for lack of jurisdiction, based on the assertion that the district court's order dismissing Counts I and IV is not a "final decision" under 28 U.S.C. § 1291, must be denied.

13. The order falls squarely within the narrow collateral order exception to the final judgment rule, as established by the U.S. Supreme Court and consistently applied by the Sixth Circuit.

14. The Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), established an exception to the final judgment rule for a small class of decisions that are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

15. To qualify, an order must: (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. See *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

16. The district court's order granting the Motion to Dismiss Counts I and IV conclusively dismissed those specific claims with prejudice. This determination is

not tentative or subject to revision within the ongoing litigation of the remaining counts.

17. The grounds for dismissal asserted in Defendant's Motion and accepted by the district court (e.g., failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)) inherently involve questions of law separate from the factual merits of the underlying dispute.

18. Deciding whether the complaint's allegations, taken as true, state a legally cognizable claim is distinct from determining what facts are true. *Balsley v. LFP, Inc.*, 691 F.3d 747, 749 (6th Cir. 2012). While *Balsley* involved immunity, it reaffirms the principle of appealing issues separable from the merits.

19. If Plaintiff is forced to litigate the remaining counts to final judgment before appealing the dismissal of Counts I and IV, the right to have those specific claims adjudicated on their intended legal basis would be lost irreparably.

20. A successful appeal after final judgment on the remaining counts would necessitate a separate trial solely on Counts I and IV, defeating the purpose of the district court's dismissal order and imposing significant, duplicative costs and delays.

21. This harm cannot be remedied by a later appeal. See *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983) (emphasizing the importance of the separate issue and the imperative of avoiding irreparable harm through delayed review); *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) ([A] ruling qualifies for immediate appeal under the collateral-order doctrine only if it '(1) conclusively determine[s] the disputed question, (2) resolve[s]

an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment.') (reaffirming *Cohen*).

22. The Sixth Circuit should apply the collateral order doctrine to permit immediate appeals of orders dismissing specific claims where the *Cohen* criteria are met. The legal nature of the dismissal order, conclusively resolving distinct legal questions separable from the merits and creating unreviewable harm, aligns with the rationale underpinning the doctrine as consistently applied by this Court.

23. The district court's order dismissing Counts I and IV with prejudice is an immediately appealable collateral order under *Cohen*. It conclusively determined the legal sufficiency of those specific claims, resolved important legal issues completely separate from the factual merits of the remaining claims, and cannot be effectively reviewed after a final judgment on the other counts without causing irreparable harm through wasted litigation.

24. Therefore, this Court possesses jurisdiction under 28 U.S.C. § 1291, and Defendant's Motion to Dismiss the Appeal should be denied.

### C. **PRAYER FOR RELIEF**

REASONS WHEREFORE, PREMISES CONSIDERED, Plaintiff-Appellant respectfully requests this Honorable Court to DENY Defendant-Appellee's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction; PROCEED to adjudicate the merits of Plaintiff-Appellant's appeal of the District Court's June 15, 2025 Order

dismissing Counts I and IV; and GRANT such other and further relief as the Court deems just and proper.

Dated this 19th day of August, 2025.

Respectfully Submitted,

/Andrew Magdy Kamal/

Andrew Magdy Kamal,
Plaintiff-Appellant in *pro per*

PLAINTIFF-APPELLANT ANDREW MAGDY KAMAL'S OPPOSITION TO
DEFENDANT-APPELLEE FORD MOTOR COMPANY'S MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2025, I electronically filed the foregoing Opposition to Defendant-Appellee Ford Motor Company's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction with the Clerk of the Court using the information provided in the court's *Notice Regarding Pro Se Filing*.

I further certify that I have served via email and U.S. Mail the foregoing Opposition to Defendant-Appellee Ford Motor Company's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction upon the following attorneys representing Ford Motor Company:

> Eric J. Pelton (P40635)
> Ryan D. Bohannon (P73394)
> Kienbaum Hardy
> Viviano Pelton & Forrest, P.L.C.
> 280 N. Old Woodward Ave., Ste. 400
> Birmingham, MI 48009
> (248) 645-0000
> epelton@khvpf.com
> rbohannon@khvpf.com

Dated this 19th day of August, 2025.

Respectfully Submitted,

/Andrew Magdy Kamal/

Andrew Magdy Kamal,
Plaintiff in *pro per*

**USPS CERTIFIED MAIL**

LGY4OPKA

USPS CERTIFIED MAIL



9207 1902 3589 0900 0034 1794 24

First Class Mail
U.S. Postage
PAID
Permit 634
San Francisco, CA

ANDREW MAGDY KAMAL
801 W BIG BEAVER RD STE 200 MB #385
TROY, MI 48084

**RECEIVED**
AUG 25 2025
KELLY L. STEPHENS, Clerk

OFFICE OF THE CLERK
US COURT OF APPEALS FOR THE 6TH CIRCUIT
100 E 5TH ST 100 E FIFTH STREET
CINCINNATI, OH 45202-3905

45202$3936 C023

RGF
25-1579

Case: 25-1579 Document: 10 Filed: 08/25/2025 Page: 10